<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

|  |
|---|
| MAHMOUD ELMILLIGY, |
| Plaintiff, |
| v. |
| ALEX VARGAS, |
| Defendant. |

Civil Action No. 25-13601 (SDW) (SDA)

**WHEREAS OPINION & ORDER**

March 6, 2026

**WIGENTON, District Judge.**

     **THIS MATTER** having come before this Court upon having come before this Court upon Plaintiff Mahmoud Elmilligy's ("Plaintiff") filing of a Complaint (D.E. 1 ("Compl.")) and an application to proceed *in forma pauperis*, (D.E. 19 ("IFP application")),[1] and this Court having *sua sponte* reviewed the Complaint for sufficiency pursuant to 28 U.S.C. § 1915(e)(2)(B) and Federal Rule of Civil Procedure ("Rule") 8(a); and

     **WHEREAS** a district court may allow a plaintiff to commence a civil action without paying the filing fee—that is, *in forma pauperis*—so long as the plaintiff submits an affidavit demonstrating he is "unable to pay such fees," but must dismiss a case that is frivolous, "fails to state a claim upon which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. §§ 1915(a)(1), (e)(2)(B); and

---

[1] Plaintiff filed a series of nonconforming IFP applications. (D.E. 6, 10, 13.) This Court declines to consider those applications and will only rule on Plaintiff's January 28, 2026 IFP application.

1

**WHEREAS** although this Court is sympathetic to Plaintiff's statement that he has been the subject of fraud, that is not reason enough to explain why Plaintiff's application contains little to no information concerning the state of his financial affairs—repeatedly listing $0 as a response throughout. *See Gross v. Cormack*, No. 13-4152, 2013 WL 5435463, at *2 (D.N.J. Sept. 27, 2013) (stating that when making an IFP application, "a plaintiff must state the facts concerning his or her poverty with some degree of particularity, definiteness or certainty" (quoting *Simon v. Mercer Cnty. Cmty. Coll.*, No. 10-5505, 2011 WL 551196, at *1 (D.N.J. Feb. 9, 2011)); and

**WHEREAS** pursuant to Federal Rule of Civil Procedure 8(a) ("Rule 8"), "[a] pleading that states a claim for relief must contain:  (1) a short and plain statement of the grounds for the court's jurisdiction . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought."  The complaint must apprise the defendant with "fair notice of what the claim is and the grounds upon which it rests," containing "more than labels and conclusions." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

**WHEREAS** *pro se* complaints, although "[held] to less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972), must still "state a plausible claim for relief," *Yoder v. Wells Fargo Bank*, 566 F. App'x 138, 141 (3d Cir. 2014) (quoting *Walker v. Schult*, 717 F.3d 119, 124 (2d Cir. 2013)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); and

**WHEREAS** Plaintiff's two-page Complaint contains bare and conclusory allegations.  In one sentence, Plaintiff asserts his First and Fourteenth Amendment rights, in addition to other

protections under 42 U.S.C. § 1983, were violated by Defendant Alex Vargas, a New Jersey Department of Child Protection and Permanency investigator, during the course of an investigation that took place in 2023 and events that followed thereafter.  This is insufficient to put Defendant on notice of what the claims are and the grounds upon which they rest, as required by Rule 8.  See Twombly, 550 U.S. at 555; therefore

**IT IS**, on this 6th day of March 2026,

**ORDERED** that Plaintiff's application to proceed *in forma pauperis* is **DENIED**; and it is further

**ORDERED** that Plaintiff's Complaint is *sua sponte* **DISMISSED WITHOUT PREJUDICE**.  Plaintiff shall have thirty (30) days to file an Amended Complaint.

**SO ORDERED**.

　　　　　　　　　　　___/s/ Susan D. Wigenton___
　　　　　　　　　　　**SUSAN D. WIGENTON, U.S.D.J.**

Orig:　Clerk
cc:　　Parties
　　　　Stacey D. Adams, U.S.M.J.